*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUAN COLON JR.,

      Plaintiff-Appellant,

v

FALLS LAKE NATIONAL INSURANCE
COMPANY, MICHIGAN ASSIGNED CLAIMS
PLAN, MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, and PROGRESSIVE
MARATHON INSURANCE COMPANY,

      Defendants/Counterdefendants-
      Appellees,

and

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
July 25, 2025
11:51 AM

No. 368721
Wayne Circuit Court
LC No. 21-013954-NI

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

In this case arising under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, Juan Colon Jr., appeals by right the trial court's order denying his motion for summary disposition concerning his request for interest and attorney fees.[1] We reverse and remand.

---

[1] Although all of the named defendants were involved in the lower court proceedings and filed appellate briefs in this case, Colon subsequently filed a motion to voluntarily dismiss from this appeal all defendants except Falls Lake, explaining that he and those defendants had "been able to amicably resolve his outstanding claims against" them. This Court granted the motion. *Colon v*

-1-

Although this appeal is the first in this particular case, the underlying facts and proceedings are not new to this Court. See *VHS of Michigan, Inc v Mich Auto Ins Placement Facility*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 368755). This Court previously detailed the relevant factual and procedural background, see *id*. at 2-3, but to summarize for purposes of this appeal: On April 25, 2021, Colon was severely injured in a motor vehicle collision after his motorcycle collided with another vehicle, which was owned by an individual named Elizabeth Lucas. *Id*. at 2. Colon subsequently received extensive medical care from VHS of Michigan, Inc., to treat his injuries. *Id*. In separate cases, Colon and VHS each filed a complaint seeking personal protection insurance (PIP) benefits from defendant Falls Lake National Insurance Company (Falls Lake), Lucas's insurer, for those services. *Id*. Falls Lake subsequently moved for summary disposition of the claims against it "on the basis that it and Lucas mutually rescinded [Lucas's] policy" shortly after the collision, when Falls Lake discovered that Lucas had materially misrepresented her address in her insurance application. *Id*. According to Falls Lake, the rescission applied to—and therefore defeated—Colon's and VHS's claims against it. *Id*. The trial court ultimately denied Falls Lake's motion, and "[w]ithin 30 days of the trial court's order, Falls Lake tendered payment of the limits under the policy obtained by Lucas, which was $253,640." *Id*.

Shortly thereafter, "[a] dispute arose between [VHS] and Colon as to the apportionment of the amount from Falls Lake, leading Falls Lake to file a motion to disburse the funds, styled as a motion for summary disposition, and close the case." *Id*. VHS and Colon each responded by filing a motion for summary disposition, in which they each sought "an order from the court that [they were] entitled to penalty interest and attorney fees for the unreasonable delay from Falls Lake paying the claims." *Id*. at 2. Falls Lake opposed the motions, and the trial court ultimately "agreed with Falls Lake, concluding that [Falls Lake] did not delay making payment" because "Falls Lake's dispute over rescission justified its belated payments." *Id*. at 3. Accordingly, the court granted Falls Lake's motion, denied VHS's and Colon's motions, "order[ed] that the money be placed in a client trust account and disbursed when an agreement could be reached on apportionment," and "closed the case." *Id*. VHS and Colon thereafter appealed the trial court's decision in their respective cases. Although VHS's and Colon's cases were consolidated in the trial court, their respective appeals were not consolidated—and thus proceeded separately—in this Court.

On January 27, 2025, while the appeal in this case was pending, this Court released its decision in *VHS*, holding that the trial court erred by denying VHS's motion for summary disposition concerning its request for interest and attorney fees. *Id*. at 2, 5-6. Regarding the interest issue, this Court held that "[b]ecause Falls Lake failed to pay [VHS's] invoices within 30 days of receipt, [VHS] was entitled to penalty interest under MCL 500.3142(2)[.]" *Id*. at 5. In so holding, this Court "reject[ed] Falls Lake's argument that it did not fail to pay within 30 days of receiving proof of loss because it paid within 30 days of the trial court's ruling on the issue of rescission," emphasizing that the mere "fact that Falls Lake *believed* it could rescind the policy

---

*Falls Lake Nat'l Ins Co*, unpublished order of the Court of Appeals, entered March 14, 2025 (Docket No. 368721). Accordingly, the sole issue remaining in this appeal pertains to Colon's claims for interest and attorney fees against defendant Falls Lake.

did not absolve [Falls Lake] of making payment first and later determining which insurer was ultimately obligated to pay." *Id*. at 4-5. This Court noted that Falls Lake's "argument ignores the principle that rescission is a remedy ordered by a court, not unilaterally chosen by an insurance company," which was "particularly true here, where an innocent third party, Colon, is the individual affected by Falls Lake's decision." *Id*. at 5. This Court explained:

> [VHS] submitted proof of the fact of loss and the amount of loss sustained as early as June 8, 2021, when Falls Lake wrote to Colon's counsel that it had received Colon's medical bills but could not process them without first receiving a completed PIP application. Four months later, after receiving the application but before [VHS's] complaint had even been filed, Falls Lake denied all claims on the basis of Lucas's rescission. It is this rescission that Falls Lake asserts allowed it to wait almost two years to pay any benefits under its policy . . . .
>
> * * *
>
> [R]escission is not a remedy that a party can unilaterally choose without involvement from the court. See [*Lenawee Co Bd of Health v Messerly*, 417 Mich 17, 26; 331 NW2d 203 (1982)]. Just as in a priority dispute, Falls Lake could have paid the claims under a reservation that should the policy be rescinded, another insurance company would eventually make it whole for those payments made while the issue of rescission was determined. This is not what Falls Lake did, however. Months before [VHS] even filed suit, Falls Lake concluded that Lucas materially misrepresented information on her policy application and rescinded the policy. [VHS] and Colon were forced, therefore, to engage counsel and litigate their claims in order to receive payment they were entitled to under the policy of insurance. [*Id*. at 4-5.]

Accordingly, this Court concluded:

> Because Falls Lake failed to pay [VHS]'s invoices within 30 days of receipt, [VHS] was entitled to penalty interest under MCL 500.3142(2), and the trial court erred when it denied [VHS]'s motion for summary disposition. On remand, the trial court is directed to determine, in the first instance, the amount of penalty interest that is owed by Falls Lake. [*Id*. at 5.]

Regarding the attorney-fees issue, this Court held that VHS was entitled to attorney fees under MCL 500.3148(1) because "the benefits were overdue"—i.e., "Falls Lake failed to pay them within 30 days of receipt"—and "Falls Lake's decision to withhold payment was unreasonable." *Id*. at 5. As this Court explained:

> Simply speaking, there was no question that Colon, an innocent third party, was entitled to PIP benefits from *an insurer*, the only question was *which insurer* would ultimately be responsible. See [*Griffin v Trumbull Ins Co*, 509 Mich 484, 502-503; 983 NW2d 760 (2022)] ("The statutory scheme adopted by the Legislature thus strongly incentivizes insurers to pay first and seek reimbursement later when it is clear that a claimant will be entitled to PIP benefits from someone, and it penalizes

unreasonable payment delays."). And because Colon was innocent in the purported fraud by Lucas, Falls Lake also should have known that it could not simply rescind the policy unilaterally with Lucas—in effect, pull the rug out from under Colon's feet—to avoid its obligations under the policy. Allowing gamesmanship like that played by Falls Lake would incentivize insurers to delay or withhold payment on their own belief that they are entitled to avoid the requirements of the no-fault act by entering into collateral agreements with their insureds. The trial court erred, therefore, when it denied [VHS]'s motion for summary disposition on the issue of attorney fees. Accordingly, on remand, the trial court shall allow [VHS] the opportunity to present its attorney fees for payment. [*Id*. at 5-6.]

In light of its holdings, this Court reversed "[t]he trial court's order denying [VHS's] motion for summary disposition concerning the issue of interest and attorney fees" and "remanded for further proceedings consistent with this opinion." *Id*. at 6.

Turning to the instant appeal,[2] we conclude its outcome is governed by *VHS*. The order that Colon challenges on appeal—the trial court's order denying his motion for summary disposition concerning his request for interest and attorney fees—is the same order that VHS challenged, and on the same grounds. This Court squarely addressed and decided those challenges in *VHS*, concluding that Falls Lake could not use the rescission of Lucas's policy to escape liability for penalty interest under MCL 500.3142(2) and attorney fees under MCL 500.3148(1). *Id*. at 4-6. *VHS* is precedentially binding, and we see no reason why it would not control our disposition here. MCR 7.215(C)(2), (J)(1).[3] Accordingly, we conclude that the trial court's order was in error.

The trial court's order denying Colon's motion for summary disposition concerning the interest and attorney-fees issues is reversed, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Colon, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani

---

[2] This Court reviews de novo both "a trial court's decision on a motion for summary disposition" and "issues of statutory interpretation." *VHS*, ___ Mich App at ___; slip op at 3.

[3] At oral argument before this Court, counsel for Falls Lake suggested for the first time on appeal that, even under the *VHS* decision, there may be claimant-specific reasons why Colon's entitlement to penalty interest and attorney fees would differ from VHS's. Although it seems Falls Lake advanced arguments along these lines in the trial court, at no point did Falls Lake do so in its appellate briefing, which is instead substantively identical to the briefing it submitted in *VHS*. Accordingly, any such arguments have not been properly developed and presented before this Court, and we decline to reach them in disposing of this appeal. See, e.g., *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009) ("Insufficiently briefed issues are deemed abandoned on appeal.").